**MOLLIE HARTMAN LUSTIG (NJ ID 000862011)**
**CHASAN LAMPARELLO MALLON & CAPPUZZO, PC**
300 Lighting Way
Secaucus, New Jersey 07094
P: 201-348-6000
F: 201-348-6633
Attorneys for Plaintiff Amaran. Abdoul Aziz Wereme

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMARAN. ABDOUL AZIZ WEREME, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EAGLE EXPRESS, INC. d/b/a AEX Group.,<br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

### CLASS ACTION COMPLAINT

**I.  INTRODUCTION**

1.  This class action complaint is filed on behalf of Plaintiff Amaran. Abdoul Aziz Wereme ("Plaintiff") and other delivery drivers who make deliveries for Defendant American Eagle Express, Inc. d/b/a AEX Group ("AEX") and are based in or operate in the State of New Jersey. As set forth herein, Plaintiff and the class he seeks to represent have been improperly characterized as independent contractors even though, as a matter of law and fact, they are

1

employees under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law. As a result, Plaintiff and the class he seeks to represent have been subject to improper deductions from their pay and have been denied overtime pay, and have otherwise been unjustly forced to bear the costs of AEX's business.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Class Action Fairness Act. Pub. L. No. 109-2, 119 Stat. 4 (2005). Plaintiff and AEX are residents of different States and (without the benefit of discovery) the amount in controversy exceeds $5,000,000.

## III. THE PARTIES

3. Plaintiff is an adult resident of Newark, New Jersey. Plaintiff has worked full-time as a delivery driver for AEX for approximately one (1) year.

4. Defendant AEX is a corporation that is in the business of providing courier delivery services to a variety of large companies such as hospitals, drug companies, and pharmacies. It maintains headquarters in Aston, Pennsylvania and a location in Linden, New Jersey.

5. Plaintiff brings his claims individually and on behalf of a class of individuals similarly situated. That class is comprised of all individuals who have regularly performed delivery services for AEX within the State of New Jersey and who are classified as independent contractors.

6. The proposed class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the class is so numerous the joinder of all claims is impractical and proceeding as a class action is a superior method to adjudicate the claims in this case. Plaintiff's claims are typical of the claims of the class members. Plaintiff and his attorneys will

adequately and fairly represent the interests of the class. Further, the claims of Plaintiff and the class involve common questions of law and fact, particularly whether or not the New Jersey delivery drivers have been misclassified as independent contractors under New Jersey law. Finally, common issues predominate over individualized issues.

### IV. STATEMENT OF FACTS

7. AEX is a regional package delivery company that operates in the Mid-Atlantic States from Virginia to New York.

8. AEX conducts business out of various locations in New Jersey, and utilizes New Jersey drivers to make deliveries throughout the State of New Jersey and sometimes just outside its borders.

9. Plaintiff has been working full-time for AEX for approximately one (1) year.

10. In order to work for AEX, Plaintiff is required to provide his own vehicle.

11. Each week, AEX takes deductions from Plaintiff's paycheck for "occupational hazard insurance" even though he maintains his own policy of insurance; and, an "administrative technology fee" for use of the company's electronic scanner which AEX uses to track its drivers and the packages they deliver. There are also deductions and penalties from time to time for, inter alia, poor delivery service, lateness, background checks, drug testing, etc.

12. Plaintiff delivers mostly medicines and pharmaceutical prescriptions to hospitals and medical facilities, along with various stores such as CVS or Walgreens. Plaintiff drives a regular route that is assigned to him by AEX and he makes deliveries along that route every day. In order to do that, Plaintiff reports to a warehouse operated by AEX and located in Linden, New Jersey, where many other drivers like him show up every day to work. AEX requires that Plaintiff be at the warehouse by at least 6:00 a.m., and Plaintiff often does not finish his work

until sometime in the afternoon. Plaintiff is also required to report back to the Linden, New Jersey location at the end of his route, whether he has an empty vehicle or not. Plaintiff often works more than forty hours per week.

13. During the time he has worked for AEX, Plaintiff has not performed delivery services for any other companies.

14. In order to work for AEX, Plaintiff was required to sign an agreement which he was provided by AEX on a take it or leave it basis.

15. Plaintiff works full-time at least five days a week for AEX and must receive approval from AEX to take time off.

16. When Plaintiff is forced to miss work, for illness or other reason, not only does he not receive his regular pay for the day, but he is charged a monetary penalty for missing work.

17. Plaintiff often worked in excess of forty hours per week without receiving overtime premium compensation.

18. In particular, Plaintiff currently recalls (without the benefit of discovery) workweeks in which he worked at least forty-eight to fifty hours.

19. Although he is characterized as an independent contractor, Plaintiff and the class he seeks to represent are employees under New Jersey law.

20. The work that Plaintiff performs is part of the usual course of business of AEX, and comprises AEX's primary business.

21. Plaintiff is economically dependent upon AEX for his livelihood; specifically, he works for AEX on a full-time basis of forty or more hours a week, almost every week (except for vacations).

22. Plaintiff and the class he seeks to represent are subject to significant control by AEX including, *inter alia*, constant monitoring of their performance, and being subject to written and unwritten policies and procedures required for the delivery of the products to AEX customers.

23. AEX markets itself to its customers by claiming that it strictly controls, micromanages, and monitors the work being confirmed by its delivery drivers.

## COUNT I
### Violation of New Jersey Wage Payment Law (N.J.S.A. 34:11-4.2 and 34:11-4.4)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. As employees, Plaintiff and other class members are entitled to the protections of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*

26. The NJWPL requires that Plaintiff and other class members receive all wages owed. *See* N.J.S.A. 34:11-4.2.

27. The NJWPL generally prohibits employers, such as AEX, from making deductions or withholdings from the wages of Plaintiff and other class members except for those deductions or withholdings permitted therein. *See* N.J.S.A. 34:11-4.4.

28. As set forth herein, AEX has misclassified Plaintiff as an independent contractor when he is actually an employee under the NJWPL, and thereby entitled to the protection and benefits of these laws.

29. AEX violated the NJWPL by failing to pay Plaintiff all of his wages due, and subjecting him to wage deductions and withholdings that are not specifically permitted by the NJWPL, including deductions for use of AEX's equipment such as AEX's scanners, for occupational insurance, for late deliveries, and for other business expenses and costs of AEX.

## COUNT II

5

**Violation of Overtime of Wage and Hour Law (N.J.S.A. 34:11-56a4)**

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiff and other class members are employees entitled to the protections of the New Jersey Wage and Hour Law ("NJWHL").

32. AEX is an employer covered by the NJWHL.

33. The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. 34:11-56a4.

34. By treating Plaintiff as an independent contractor, AEX fails to keep track of his hours of work.

35. AEX violated the N.J.S.A. 34:11-56a4 by failing to pay Plaintiff and certain class members overtime premium compensation, for hours worked over 40 hours during the workweek.

## COUNT III
**Unjust Enrichment**

36. All previous paragraphs are incorporated as though fully set forth herein.

37. The arrangements between AEX and its New Jersey delivery drivers improperly classify them as independent contractors by reason of using a contract of adhesion which has allowed AEX to unjustly enrich itself at the expense of the Plaintiff and members of the class by requiring them to have monies deducted from their paychecks which are improper and illegal, and to permit AEX to shift numerous business costs over to Plaintiff and members of the class.

38. AEX's acceptance and retention of such revenues and profits from these deductions from the compensation of Plaintiff and members of the class is inequitable and contrary to fundamental principles of justice, equity, and good conscience.

39. This results in unjust enrichment to AEX in violation of New Jersey law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all other class members:

(1) Certify this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

(2) Issue a declaratory judgment that AEX's classification of Plaintiff and the other New Jersey delivery drivers whom Plaintiff seeks to represent violates New Jersey law;

(3) Grant Plaintiff and the other members of the putative class appropriate compensatory relief, in amounts to be determined at trial;

(4) Grant Plaintiff and the other members of the putative class attorneys' fees, costs, and interest thereon; and,

(5) Grant Plaintiff and the other members of the putative class such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all of the triable issues within this Complaint.

Date: May 6, 2020

s/ *Mollie Hartman Lustig*

Mollie Hartman Lustig, Esq. (NJ ID 000862011)
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way
Secaucus, New Jersey 07094
P: 201-348-6000
F: 201-348-6633
Attorneys for Plaintiff